NOT DESIGNATED FOR PUBLICATION

No. 118,951

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LARRY D. BARNES,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed October 19, 2018. Affirmed in part and dismissed in part.

Submitted for summary disposition pursuant to K.S.A. 2017 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Larry D. Barnes appeals the district court's decision revoking his probation and ordering him to serve his underlying prison sentence. We granted Barnes' motion for summary disposition under Kansas Supreme Court Rule 7.041A (2018 Kan. S. Ct. R. 47). The State has requested that the district court's judgment be affirmed.

On September 21, 2017, Barnes pled guilty to one count of possession of cocaine and one count of felony driving under the influence (DUI). On November 3, 2017, the district court sentenced Barnes to 34 months' imprisonment for the possession of cocaine conviction and a consecutive term of 12 months in jail for the DUI conviction. The district court granted a dispositional departure to probation for 12 months.

1

On January 5, 2018, Barnes admitted to violating his probation by testing positive for cocaine and alcohol and by failing to set up his "soberlink house arrest" program as ordered by the court. Barnes asked to receive an intermediate sanction and to be placed back on probation. The district court denied this request, revoked Barnes' probation, and ordered him to serve his original sentence, noting that Barnes had originally received a dispositional departure to probation. Barnes then requested a "durational departure" or lesser sentence, once his probation had been revoked. The district court denied this request, but the court authorized Barnes to serve his 12-month jail sentence in work release. Barnes timely appealed.

On appeal, Barnes claims the district court "abused its discretion in revoking his probation and ordering him to serve his original sentence without first imposing an intermediate sanction." But Barnes admits the district court could bypass an intermediate sanction because he originally received a dispositional departure to probation.

The procedure for revoking a defendant's probation is governed by K.S.A. 2017 Supp. 22-3716. Generally, once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012). A district court abuses its discretion by committing an error of law in the application of K.S.A. 2017 Supp. 22-3716 when revoking a defendant's probation. See *State v. Still*, No. 112,928, 2015 WL 4588297, at *1 (Kan. App. 2015) (unpublished opinion).

K.S.A. 2017 Supp. 22-3716 generally provides that once a defendant has violated the conditions of probation, the district court must apply graduated intermediate sanctions

before the court can revoke probation and order the defendant to serve the sentence imposed. See K.S.A. 2017 Supp. 22-3716(c)(1)(A)-(D). But under K.S.A. 2017 Supp. 22-3716(c)(9)(B), the court may revoke an offender's probation without imposing an intermediate sanction if the probation was granted as the result of dispositional departure.

Here, the district court bypassed intermediate sanctions because Barnes originally received a dispositional departure to probation. The district court had warned Barnes that he would receive only one chance at probation. The district court's decision to revoke Barnes' probation was not arbitrary, fanciful, or unreasonable, and it was not based on an error of fact or law. Barnes has failed to show that the district court abused its discretion by revoking his probation and ordering him to serve his underlying sentence.

Barnes also asserts that the district court abused its discretion by failing to grant a "downward modification" of his sentence at the probation revocation hearing. This court has jurisdiction to address this claim. *State v. Weekes*, 308 Kan. ___, No. 115,739, 2018 WL 4841565, at *2-3 (2018). However, Barnes fails to show that the district court abused its discretion by not modifying the original sentence. See *State v. Reeves*, 54 Kan. App. 2d 644, Syl. ¶ 3, 403 P.3d 655 (2017) (holding that appellate court reviews district court's decision to deny defendant's request for lesser sentence upon the revocation of probation for an abuse of discretion), *rev. denied* 307 Kan. 992 (2018). The district court showed leniency by placing Barnes on probation in the first place. Less than two months later, Barnes violated the probation by testing positive for cocaine and alcohol and by failing to go on house arrest. Still, the district court showed further leniency by authorizing work release for the jail portion of Barnes' sentence.

Finally, Barnes claims the district court "violated his rights under *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000), when it used his prior criminal history to increase his sentence without requiring the State to prove that criminal history to a jury beyond a reasonable doubt." But Barnes did not timely appeal his

3

sentence, imposed on November 3, 2017. See K.S.A. 2017 Supp. 22-3608(c); *State v. Inkelaar*, 38 Kan. App. 2d 312, 317-18, 164 P.3d 844 (2007) (holding that defendant's notice of appeal was timely only as to his probation revocation and not as to his original sentence), *rev. denied* 286 Kan. 1183 (2008). Because Barnes did not timely appeal his sentence, this court lacks jurisdiction to address his sentencing issue. But even if we had jurisdiction to address the issue, we note that our Supreme Court has resolved this issue contrary to Barnes' position in *State v. Ivory*, 273 Kan. 44, 46-47, 41 P.3d 781 (2002).

Affirmed in part and dismissed in part.